[Crim. No. 3023. Second Appellate District, Division One.—February 2, 1938.]

THE PEOPLE, Respondent, v. CHESTER B. COMBS, Appellant.

Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, for Respondent.

DORAN, J.—By information, appellant was accused and found guilty of the crime of rape, a felony, after a trial by the court sitting without a jury. The information also alleged a prior conviction, to wit, assault with intent to commit rape, a felony, which was admitted by the defendant. The appeal is from the judgment, as well as from the order denying the motion for a new trial.

The record reveals that the defendant was a used-car buyer and a former employee of a finance company. The prosecutrix was an eighteen-year-old girl.

Appellant relies chiefly upon the asserted "inherent improbability of the girl's story". In that connection, appellant argues that, "An examination of the record in this case and in particular the testimony of the prosecutrix, we believe, will convince this court that a shocking miscarriage of justice has occurred. That the trial court should have accepted the incredible story told by the prosecutrix and rejected the testimony given by appellant and other persons can only be accounted for by the unreasonable and illogical view taken in the premises."

It would serve no useful purpose to go into the details of the alleged offense, except to note that when the prosecutrix reached her home, immediately after the incident, she was screaming and crying, and was hysterical; her clothing was mussed up and torn, her stockings were torn and ripped; and one knee was bruised and bleeding.

It should also be noted that the defendant admitted that he read about the occurrence in the newspapers the next morning, and that he called the prosecutrix's home and talked to her mother on the telephone. Defendant told the mother that he would be willing to come out and explain the matter, but she replied that, "The only thing I expect you to do is twenty years in the penitentiary." That afternoon defendant saw by the newspapers that the district attorney had issued a complaint and that there was a warrant out for his arrest; he thereupon left this state and went to Van-

couver. Defendant returned to Los Angeles about a month later and remained four days; he then went to Tulsa, Oklahoma, and from there went to Dallas, Texas, where he was apprehended, and from which city he was returned to the state of California.

Appellant's contention, hereinbefore mentioned, lacks support in the record. The testimony of the prosecutrix, in other words, is not of that kind and character which appellate courts declare, as a matter of law, to be the equivalent of no evidence at all; in the circumstances, the trial judge's measure of its value is final. There is no resemblance between the evidence in the case at bar and the evidence purporting to support the respective judgments in the cases relied upon by appellant. To the contrary, as a matter of law, the evidence is abundantly sufficient to support the judgment of the trial judge, whose duty it was to determine, in the first instance, the credibility of the witnesses. The argument that testimony is inherently improbable is not uncommon and was probably advanced before the trial judge as it is advanced herein on appeal. In that connection the trial judge might well have concluded that, as contended by respondent, ''Far from being inherently improbable, . . . the story told by the prosecutrix bears all the earmarks of truth and is readily understandable.''

There being no errors in the record, the judgment and order appealed from are affirmed.

York, P. J., concurred.

White, J., being disqualified, did not participate in this decision.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1938.